## GRISSOM vs. ALLEN, ADM'R.

A judgment having been recovered in a Justices' Court, and a large portion paid, an execution issued from the Circuit Court on a transcript of the judgment being filed in the Clerk's office, will not be quashed for informalities in the proceedings before the Justice, it appearing from them that the defendant had appeared and submitted to the judgment.

APPEAL from Perry Circuit Court.

McBRIDE, J., *delivered the opinion of the Court.*

Allen commenced his action before a Justice of the Peace against Grissom and one Hezekiah Cotner, on two promissory notes, one executed by Grissom alone, and the other by Grissom and Cotner. The constable returned the summons " executed according to law." The transcript of the Justice then proceeds to state that " the defendant appeared and acknowledged both notes to be just, and that he was willing for judgment to be given against him the first day. It is therefore considered by the Justice here, that the plaintiff have, and recover of, and from the defendants, Washington Grissom and Hezekiah Cotner, the sum of $7 38 for his debt, &c., and also that he have, and recover of, and from the said Washington Grissom, on the other note, the sum of $28 16 for his debt, &c."

On the foregoing judgment, execution issued, directed to the constable of the township, dated the 22nd May, 1845, which was renewed by an endorsement made thereon by the Justice on the 26th July, 1845, for sixty days. On the 25th October, 1845, the execution was again renewed by the endorsement of the Justice for sixty days. The execution was returned by the constable with the endorsement of two credits, amounting to $29 19, and no property, goods or chattels found out of which to make the balance of the debt and costs.

On the 19th March, 1846, a transcript was filed in the office of the Clerk of the Circuit Court of Perry County, and an execution was issued from that office on said transcript, on the 19th April, 1846, directed to the Sheriff of Perry County, who executed the same by levying it on the real estate of said Grissom.

At the May Term, 1846, of the Perry Circuit Court, the defendant, Grissom, moved the Court to quash the execution, which motion was overruled; thereupon he filed a petition and motion for a prohibition, which the Circuit Court overruled, and to both decisions of the Court he excepted and appealed to this Court.

Several points are made in this Court by the appellant to reverse the judgment of the Circuit Court, which it is not necessary to notice in detail. It is obvious from the record that the appearance of the defendant, as stated by the Justice, was that of Grissom, who was liable to an action on both the notes upon which suit was brought; otherwise it is

not probable that the Justice would have entered judgment against him on. the large note, at the suggestion of Cotner, who was not a party thereto. This fact is further. manifest when it is seen that the greater part of both notes is discharged after judgment, and that the motion filed and appeal taken are at the instance and in the name of Grissom, the principal debtor. Now, however informal the proceedings may have been, as to Cotner the security, no notice should be taken of them until he complains; and as to Grissom, the judgment and subsequent proceedings in which he appears, for the time being, to have acquiesced, we do not discover any substantial error requiring correction by this Court.

The informality of the judgment and execution—the failure of the constable to endorse on the execution the date of its delivery—the omission of the Justice to enter on the docket the fact of the executions having been renewed by him,—the technical omission of the constable in his return on the execution, and many other irregularities and omissions of the same character, where it is clearly seen that no injury has resulted to the party, are not in our opinion sufficient to authorize the reversal of the judgment of the Circuit Court. The appellant not showing himself aggrieved by the judgment of the Circuit Court, the judgment of that Court is affirmed.